IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00918-LTB-MEH

EUGENE EDWARDS,

      Plaintiff,

v.

ARISTEDES W. ZAVARAS, as Executive Director of DOC, in his Individual and Official
Capacit[ies],

      Defendant.

---

## ORDER GRANTING MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant's Motion to Stay Discovery and Vacate Preliminary Scheduling Conference [filed July 1, 2011; docket #21]. The motion has been referred to this Court for disposition [docket #22]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons that follow, Defendants' motion is **granted**.

## I.    Background

Plaintiff instituted this action on April 6, 2011. In essence, Plaintiff alleges that Defendant has denied him access to mandatory sex offender treatment in violation of the Fourteenth Amendment. *See* Complaint, docket #1, at 3. On July 1, 2011, Defendant responded to the Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* docket #20. Simultaneously with that motion, Defendant filed the within Motion to Stay, asserting that, "the district court should resolve the threshold question [of qualified immunity] before permitting discovery." *See* docket #21 at ¶ 6.

## II.    Discussion

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.' " *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, Defendant has filed a motion to dismiss the claims raised in Plaintiff's Complaint alleging, among other defenses, that he enjoys both absolute immunity under the Eleventh Amendment in his official capacity and qualified immunity in his individual capacity from the Plaintiff's claims.  The Court has broad discretion to stay proceedings as an incident to its power to control its own docket.  *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)).  Because Defendant's Motion to Dismiss raises legal questions of this Court's jurisdiction over the subject matter of the dispute, these questions should be resolved as early as possible in the litigation.  *See Albright,* 51 F.3d at 1534.  Consequently, the Court will grant a temporary stay of the proceedings in this matter pending the disposition of the Motion to Dismiss.

## III.    Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Stay Discovery and Vacate Preliminary Scheduling Conference [filed July 1, 2011; docket #21] is **granted**.  The proceedings of this case are hereby stayed pending the District Court's ruling on

Defendants' Motion to Dismiss.  As such, the Scheduling Conference currently set for August 18, 2011 at 9:30 a.m. is **vacated**.  The parties are directed to submit a status report within five days of the entry of any order adjudicating the pending Motion to Dismiss.

Dated at Denver, Colorado, this 5th day of July, 2011.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge